UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AHMAD AKRAM CHAUDHRY,

                Petitioner,

Case No. 26-cv-11366
Honorable Linda V. Parker

v.

KEVIN RAYCRAFT, Immigration and Customs
Enforcement, Director of Detroit Field Office,
Enforcement and Removal, et al.,

                Respondents.
_____/

## OPINION AND ORDER STAYING THE MATTER PENDING A BOND HEARING OR PETITIONER'S RELEASE

### Background

Petitioner, a citizen of Pakistan, has been in Immigrations and Customs Enforcement ("ICE") custody since December 2025, with no opportunity for an individualized bond hearing to assess his flight risk or dangerousness. He filed a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention. Respondents' response to the petition was due on May 13, 2026.

Two days earlier, the Sixth Circuit Court issued its decision in *Lopez-Campos v. Raycraft*, -- F.4th --, 2026 WL 1283891. In *Lopez-Campos*, the Sixth Circuit joined the Second and Eleventh Circuits in holding that noncitizens like

Petitioner are entitled to an individualized bond hearing and that their detention without such a hearing violates their Fifth Amendment due process rights. *See id.* at *3. In their response to the petition, filed May 13, Respondents contend that the Sixth Circuit's decision renders Petitioner's request for habeas relief "moot because there is no longer a dispute between the parties regarding whether [P]etitioner is eligible for release on bond from an immigration judge." (ECF No. 4 at PageID.38.) Respondents indicate that Petitioner may obtain a bond hearing by requesting it, and that the immigration court will promptly schedule a hearing.

While the Court is inclined to find Petitioner's request for habeas relief moot in light of *Lopez-Campos* and Respondents' representations, it is reluctant to dismiss the petition until the immigration court in fact schedules and conducts the individualized hearing the Sixth Circuit has held he is entitled to forthwith.

Accordingly, the Court is **STAYING** this matter for fourteen days. Before the stay expires, Respondents shall file a status report indicating when any bond hearing was held and the results of any bond hearing, or if Petitioner was released without a hearing.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 20, 2026

2